Jon A. Birmingham (CA SBN 271034)
FITCH, EVEN, TABIN & FLANNERY LLP
21700 Oxnard Street, Suite 1740
Los Angeles, California 91367
Telephone:  (818) 715-7025
Facsimile:  (818) 715-7033
Email: jbirmi@fitcheven.com

*Attorney for Plaintiff*
SOTA SEMICONDUCTOR LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOTA SEMICONDUCTOR LLC, a California Corporation, <br><br>      Plaintiff, <br><br> v. <br><br> MARVELL SEMICONDUCTOR, INC., a California Corporation, <br> BELKIN INTERNATIONAL, INC., a Delaware Corporation, <br> DELL INC., a Delaware Corporation, <br> HEWLETT-PACKARD COMPANY, a California Corporation, <br> HISENSE USA CORP., a Georgia Corporation, <br> KONICA MINOLTA BUSINESS SOLUTIONS U.S.A., INC., a New York Corporation, <br> LENOVO (UNITED STATES) INC., a Delaware Corporation, <br> NETGEAR, INC., a California Corporation, <br> SAMSUNG ELECTRONICS AMERICA, INC., a New York Corporation, <br> SEAGATE TECHNOLOGY LLC, a Delaware Corporation, <br> WESTERN DIGITAL CORP., a Delaware Corporation, <br><br>      Defendants. | Case No.: <br><br> **COMPLAINT FOR PATENT INFRINGEMENT** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff, SOTA Semiconductor LLC ("SOTA") complains against Defendants Marvell Semiconductor, Inc., Belkin International, Inc., Dell Inc., Hewlett-Packard Company, Hisense USA Corp., Konica Minolta Business Solutions U.S.A., Inc., Lenovo (United States) Inc., Netgear, Inc., Samsung Electronics America, Inc., Seagate Technology LLC and Western Digital Corp. (collectively, "Defendants") for patent infringement pursuant to this Court's subject matter jurisdiction under 28 U.S.C. §§1331 and 1338(a), as follows:

## THE PARTIES

1.     Plaintiff SOTA is a corporation organized and existing under the laws of the State of California with its principle place of business at 500 Newport Center Drive, 7th Floor, Newport Beach, California.   SOTA is in the business of licensing patented technology.  SOTA is the assignee of U.S. Patent Nos. 5,991,545 ("the '545 patent") and 6,643,713 ("the '713 patent").

2.     Defendant Marvell Semiconductor, Inc. ("Marvell") is a corporation incorporated under the laws of California with its principal place of business at 5488 Marvell Lane, Santa Clara, California.  Marvell is registered to do business in California and has a designated registered agent in California for purposes of service of process. Marvell conducts business in and is doing business in California and in this District and elsewhere in the United States, including, without limitation, making, using, promoting, offering to sell, importing and/or selling microprocessors and/or devices that incorporate microprocessors that embody the patented technology, and enabling end-user purchasers to use such devices in this District.  Marvell is subject to the subpoena power of this Court within the State of California.

3.     Defendant Belkin International, Inc. ("Belkin") is a corporation incorporated under the laws of Delaware with its principal place of business at 12045 E. Waterfront Drive, Playa Vista, California.  Belkin is registered to do business in California and has a designated registered agent in California for purposes of service of process.   Belkin

conducts business in and is doing business in California and in this District and elsewhere in the United States, including, without limitation, using, promoting, offering to sell, importing and/or selling devices that incorporate microprocessors that embody the patented technology, and enabling end-user purchasers to use such devices in this District. Belkin is subject to the subpoena power of this Court within the State of California.

4.      Defendant Dell Inc. ("Dell") is a corporation incorporated under the laws of Delaware with its principal place of business at 1 Dell Way, Round Rock, Texas.  Dell conducts business in and is doing business in California and in this District and elsewhere in the United States, including, without limitation, using, promoting, offering to sell, importing and/or selling devices that incorporate microprocessors that embody the patented technology, and enabling end-user purchasers to use such devices in this District. Dell is subject to the subpoena power of this Court within the State of California.

5.      Defendant Hewlett-Packard Company ("HP") is a corporation incorporated under the laws of California with its principal place of business at 3000 Hanover Street, Palo Alto, California.  HP is registered to do business in California and has a designated registered agent in California for purposes of service of process.  HP conducts business in and is doing business in California and in this District and elsewhere in the United States, including, without limitation, using, promoting, offering to sell, importing and/or selling devices that incorporate microprocessors that embody the patented technology, and enabling end-user purchasers to use such devices in this District.  HP is subject to the subpoena power of this Court within the State of California.

6.      Defendant Hisense USA Corp. ("Hisense") is a corporation incorporated under the laws of Georgia with its principal place of business at 7310 McGinnis Ferry Road, Suwanee, Georgia.   Hisense conducts business in and is doing business in California and in this District and elsewhere in the United States, including, without limitation, using, promoting, offering to sell, importing and/or selling devices that incorporate microprocessors that embody the patented technology, and enabling end-user

1   purchasers to use such devices in this District.  Hisense is subject to the subpoena power

2   of this Court within the State of California.

3       7.    Defendant Konica Minolta Business Solutions U.S.A, Inc. ("Konica

4   Minolta") is a corporation incorporated under the laws of New York with its principal

5   place of business at 100 Williams Drive, Ramsey, New Jersey.  Konica Minolta conducts

6   business in and is doing business in California and in this District and elsewhere in the

7   United States, including, without limitation, using, promoting, offering to sell, importing

8   and/or selling devices that incorporate microprocessors that embody the patented

9   technology, and enabling end-user purchasers to use such devices in this District.  Konica

10  Minolta is subject to the subpoena power of this Court within the State of California.

11      8.    Defendant Lenovo (United States) Inc. ("Lenovo") is a corporation

12  incorporated under the laws of Delaware with its principal place of business at 1009

13  Think Place, Morrisville, North Carolina.  Lenovo is registered to do business in

14  California and has a designated registered agent in California for purposes of service of

15  process.  Lenovo conducts business in and is doing business in California and in this

16  District and elsewhere in the United States, including, without limitation, using,

17  promoting, offering to sell, importing and/or selling devices that incorporate

18  microprocessors that embody the patented technology, and enabling end-user purchasers

19  to use such devices in this District.  Lenovo is subject to the subpoena power of this Court

20  within the State of California.

21      9.    Defendant Netgear, Inc. ("Netgear") is a corporation incorporated under the

22  laws of California with its principal place of business at 350 East Plumeria Drive, San

23  Jose, California.  Netgear is registered to do business in California and has a designated

24  registered agent in California for purposes of service of process.  Netgear conducts

25  business in and is doing business in California and in this District and elsewhere in the

26  United States, including, without limitation, using, promoting, offering to sell, importing

27  and/or selling devices that incorporate microprocessors that embody the patented

28

technology, and enabling end-user purchasers to use such devices in this District.  Netgear is subject to the subpoena power of this Court within the State of California.

10.     Defendant Samsung Electronics America, Inc. ("Samsung") is a corporation incorporated under the laws of New York with its principal place of business at 85 Challenger Road, Ridgefield Park, New Jersey.  Samsung is registered to do business in California and has a designated registered agent in California for purposes of service of process.  Samsung conducts business in and is doing business in California and in this District and elsewhere in the United States, including, without limitation, using, promoting, offering to sell, importing and/or selling devices that incorporate microprocessors that embody the patented technology, and enabling end-user purchasers to use such devices in this District.  Samsung is subject to the subpoena power of this Court within the State of California.

11.     Defendant Seagate Technology LLC ("Seagate") is a corporation incorporated under the laws of Delaware with its principal place of business at 10200 South DeAnza Boulevard, Cupertino, California.  Seagate is registered to do business in California and has a designated registered agent in California for purposes of service of process.  Seagate conducts business in and is doing business in California and in this District and elsewhere in the United States, including, without limitation, using, promoting, offering to sell, importing and/or selling devices that incorporate microprocessors that embody the patented technology, and enabling end-user purchasers to use such devices in this District.  Seagate is subject to the subpoena power of this Court within the State of California.

12.     Defendant Western Digital Corp. ("WD") is a corporation incorporated under the laws of Delaware with its principal place of business at 3355 Michelson Drive, Suite 100, Irvine, California.  WD is registered to do business in California and has a designated registered agent in California for purposes of service of process.  WD conducts business in and is doing business in California and in this District and elsewhere in the United

States, including, without limitation, using, promoting, offering to sell, importing and/or selling devices that incorporate microprocessors that embody the patented technology, and enabling end-user purchasers to use such devices in this District.  WD is subject to the subpoena power of this Court within the State of California.

## JURISDICTION AND VENUE

13.   This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

14.   On information and belief, each Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the California Long Arm Statute (CCP §410.10), due at least to their substantial business conducted in this forum, including (i) having solicited business in the State of California, transacted business within the State of California and attempted to derive financial benefit from residents of the State of California, including benefits directly related to the instant patent infringement causes of action set forth herein; (ii) having placed their products and services into the stream of commerce throughout the United States and having been actively engaged in transacting business in California and in this District; and (iii) either alone or in conjunction with others, having committed acts of infringement within California and in this District.

15.   On information and belief, Marvell maintains systematic, continuous and ongoing business operations within the State of California and this District, through which it uses, promotes, offers to sell, sells, and/or imports microprocessors and/or devices that incorporate microprocessors that embody the patented technology.  In addition to its Santa Clara, California headquarters, Marvell's facilities include offices in Aliso Viejo, California, in this District.  Upon information and belief, Marvell provides product design and support services to various customers in this District, including one or more of the other Defendants named in this lawsuit.

16.     On information and belief, Defendant Belkin maintains systematic, continuous and ongoing business operations within the State of California and this District, through which it uses, promotes, offers to sell, and sells devices that incorporate microprocessors that embody the patented technology.  In addition to its Playa Vista, California headquarters, Belkin's facilities include offices in Irvine, California, in this District.  Further, on information and belief, Belkin provides product technical support and sells devices to retailers and/or end users in this District.

17.     On information and belief, Defendant Dell maintains systematic, continuous and ongoing business operations within the State of California and this District, through which it uses, promotes, offers to sell, and sells devices that incorporate microprocessors that embody the patented technology.  Dell's facilities include offices in Aliso Viejo, California, in this District.  Further, on information and belief, Dell provides product technical support and sells devices to retailers and/or end users in this District.

18.     On information and belief, Defendant HP maintains systematic, continuous and ongoing business operations within the State of California and this District, through which it uses, promotes, offers to sell, and sells devices that incorporate microprocessors that embody the patented technology.  In addition to its Palo Alto, California headquarters, HP's facilities include offices in Anaheim, California, in this District. Further, on information and belief, HP provides product technical support and sells devices to retailers and/or end users in this District.

19.     On information and belief, Defendant Hisense maintains systematic, continuous and ongoing business operations within the State of California and this District, through which it uses, promotes, offers to sell, and sells devices that incorporate microprocessors that embody the patented technology.  Hisense's facilities include offices in City of Industry, California, in this District.  Further, on information and belief, Hisense provides product technical support and sells devices to retailers and/or end users in this District.

SOTA SEMICONDUCTOR LLC V. MARVELL ET AL.
COMPLAINT FOR PATENT INFRINGEMENT

20.   On information and belief, Defendant Konica Minolta maintains systematic, continuous and ongoing business operations within the State of California and this District, through which it uses, promotes, offers to sell, and sells devices that incorporate microprocessors that embody the patented technology.  Konica Minolta's facilities include offices in Anaheim, California, Gardena, California, Los Angeles, California, and Woodland Hills, California, in this District.  Further, on information and belief, Konica Minolta provides product technical support and sells devices to retailers and/or end users in this District.

21.   On information and belief, Defendant Lenovo maintains systematic, continuous and ongoing business operations within the State of California and this District, through which it uses, promotes, offers to sell, and sells devices that incorporate microprocessors that embody the patented technology.  Lenovo's facilities include offices in San Francisco, California, and San Jose, California.  Further, on information and belief, Lenovo provides product technical support and sells devices to retailers and/or end users in this District.

22.   On information and belief, Defendant Netgear maintains systematic, continuous and ongoing business operations within the State of California and this District, through which it uses, promotes, offers to sell, and sells devices that incorporate microprocessors that embody the patented technology.   In addition to its San Jose, California headquarters, Netgear's facilities include offices in Carlsbad, California. Further, on information and belief, Netgear provides product technical support and sells devices to retailers and/or end users in this District.

23.   On information and belief, Defendant Samsung maintains systematic, continuous and ongoing business operations within the State of California and this District, through which it uses, promotes, offers to sell, and sells devices that incorporate microprocessors that embody the patented technology.   Samsung's facilities include offices in Compton, California, in this District.   Further, on information and belief,

Samsung provides product technical support and sells devices to retailers and/or end users in this District.

24.     On information and belief, Defendant Seagate maintains systematic, continuous and ongoing business operations within the State of California and this District, through which it uses, promotes, offers to sell, and sells devices that incorporate microprocessors that embody the patented technology.   In addition to its Cupertino, California headquarters, Seagate's facilities include offices in Fremont, California, San Francisco, California, and Scotts Valley, California.   Further, on information and belief, Seagate provides product technical support and sells devices to retailers and/or end users in this District.

25.     On information and belief, Defendant WD maintains systematic, continuous and ongoing business operations within the State of California and this District, through which it uses, promotes, offers to sell, and sells devices that incorporate microprocessors that embody the patented technology.   WD's facilities include headquarters in Irvine, California, in this District.   Further, on information and belief, WD provides product technical support and sells devices to retailers and/or end users in this District.

26.     Venue lies in this District pursuant to 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b) because each Defendant is subject to personal jurisdiction in this District, resides in, has regularly conducted business in this District and/or has committed acts of patent infringement in this District.

### FIRST CAUSE OF ACTION – INFRINGEMENT OF '545 PATENT

27.     Plaintiff hereby repeats and re-alleges the allegations contained in paragraphs 1 to 26, as if fully set forth herein.

28.     On November 23, 1999, U.S. Patent No. 5,991,545 ("the '545 patent"), entitled "Microcomputer Having Variable Bit Width Area For Displacement And Circuit For Handling Immediate Data Larger Than Instruction Word," a copy of which is attached hereto as Exhibit A, was duly and legally issued to the inventors, Shumpei Kawasaki et al.

The '545 patent issued from U.S. patent application Serial Number 08/478,730, filed June 7, 1995.  The inventors assigned all right, title, and interest in the '545 patent to Hitachi, Ltd., Hitachi VLSI Engineering Corp., and Hitachi Microcomputer System Ltd., all of Tokyo, Japan (hereinafter "Hitachi").  Hitachi's right, title, and interest in the '545 patent was subsequently assigned to Renesas Technology Corp., which further assigned such right, title, and interest to Renesas Electronics Corp (hereinafter "Renesas").  Most recently, Renesas assigned all right, title, and interest in the '545 patent to Acacia Research Group, LLC ("ARG").  The assignment to ARG was made subject only to certain prior non-exclusive license agreements and a limited non-exclusive and non-transferable limited license to Renesas.  Neither the prior licensees nor Renesas possesses any right to sue for or collect past, present and future damages or to seek and obtain injunctive or any other relief for infringement of the '545 patent.

29.    Renesas further granted ARG the right to assign its rights to a designated affiliate of ARG.  Prior to the commencement of this action, ARG assigned all right, title, and interest in the '545 patent to SOTA, its wholly owned designated affiliate, including all of ARG's rights, obligations, interests and liabilities under the assignment agreement with Renesas.  SOTA assumed all such rights, obligations, interests and liabilities of ARG under such assignment agreement.  SOTA thus possesses the right to sue for or collect past, present and future damages or to seek and obtain injunctive or any other relief for infringement of the '545 patent.

30.    Defendant Marvell, directly and/or through its subsidiaries, affiliates, agents, and/or business partners, has in the past and continues to directly infringe the '545 patent pursuant to 35 U.S.C. § 271(a) by making, having made, using, selling, offering to sell and/or importing microprocessors that embody the inventions claimed in the '545 patent, within the United States and within this District.  Defendant Marvell has been and is engaged in one or more of these direct infringing activities related to microprocessors that incorporate the ARMv5, ARMv7, and ARMv8 instruction sets and implementing Thumb

1  instructions, specifically including ARM Cortex A7, Cortex A9, Cortex A12, Cortex A15,

2  Cortex A17, Cortex A53, Cortex M0, Cortex M1, Cortex M2, Cortex M3, Cortex M4,

3  Cortex R4, Cortex R5, and Cortex R7 architectures, specifically including Marvell's

4  88AP510, 88DE2755, 88DE3100, 88DE3108, 88DE3114, 88DE3214, 88F6192,

5  88F6281, 88F6282, 88F6283, 88F6650, 88F6702, 88F6707, 88F6710, 88F6720, 88F6810,

6  88F6820, 88F6828, 88F6W11, 88MB300, 88MC100, 88MC200, 88MZ100, 88PA100,

7  88PA6110, 88PA6120, 88PA6170, 88W8688, 88W8782, 88W8782U, 88W8787,

8  88W8790, 88W8797, 88W8864, 98DX3236, 98DX3336, 98DX8216, 98DX8216,

9  ARMADA 162, ARMADA 166, ARMADA 166e, ARMADA 168, ARMADA 610,

10  ARMADA 618, ARMADA 628, MV76100, MV78100, MV78200, MV78230, MV78232,

11  MV78260, MV78460, MW300, PXA1088, PXA1088 LTE, PXA1088 LTE Pro,

12  PXA1088 Pro, PXA1801, PXA1801L, PXA1801U, PXA1920, PXA1928, PXA2128,

13  PXA910, PXA918, PXA920, PXA955, PXA968, PXA978, PXA986 and PXA988

14  processors (hereinafter the "Marvell Thumb Processors").

15      31.    Defendant Marvell, directly and/or through its subsidiaries, affiliates, agents,

16  and/or business partners, has contributed to and/or will continue to contribute to the direct

17  infringement of the '545 patent by the other Defendants pursuant to 35 U.S.C. § 271(c) at

18  least by one or more of providing, importing, offering for sale and selling its Marvell

19  Thumb Processors as a material component of devices covered by the '545 patent and for

20  use by the other Defendants in making, using, selling, offering for sale and/or importing

21  devices covered by the '545 patent.  The Marvell Thumb Processors are not staple articles

22  or commodities of commerce suitable for substantial non-infringing use.

23      32.    The service of this Complaint will provide Marvell with actual notice of the

24  '545 patent and of Plaintiff's infringement allegations, including knowledge that its

25  Marvell Thumb Processors are especially made or especially adapted for use in infringing

26  the '545 patent.

27

28

33.     Defendant Marvell's direct and contributory infringement of the '545 patent has injured SOTA.  SOTA is entitled to recover damages adequate to compensate for such infringement pursuant to 35 U.S.C. § 284.

34.     Unless it ceases its infringing activities, Marvell will continue to injure SOTA by directly infringing and by contributing to the infringement by others of the '545 patent.

35.     On information and belief, Marvell will continue infringing, notwithstanding its actual knowledge of the '545 patent and while lacking an objectively reasonable good faith basis to believe that its activities do not infringe any valid claim of the '545 patent. Defendant Marvell's future acts of infringement will constitute continuing willful infringement of the '545 patent.

36.     Defendant Belkin, directly and/or through its subsidiaries, affiliates, agents, and/or business partners, has in the past and continues to directly infringe the '545 patent pursuant to 35 U.S.C. § 271(a) by making, having made, using, selling, offering to sell and/or importing devices incorporating microprocessors that embody the invention claimed in the '545 patent, within the United States and within this District.  Belkin has been and is engaged in one or more of these direct infringing activities related to its manufacture, distribution, support, and sales of devices that incorporate Marvell Thumb Processors.  These infringing devices include without limitation Belkin's Linksys Q87-WRT1900AC wireless router.

37.     The service of this Complaint will provide Belkin with actual notice of the '545 patent and of Plaintiff's infringement allegations herein.

38.     Belkin's direct infringement of the '545 patent has injured SOTA.  SOTA is entitled to recover damages adequate to compensate for such infringement pursuant to 35 U.S.C. § 284.

39.     Unless it ceases its infringing activities, Defendant Belkin will continue to injure SOTA by directly infringing the '545 patent.

40.     On information and belief, Defendant Belkin will continue its infringement notwithstanding its actual knowledge of the '545 patent and while lacking an objectively reasonable good faith basis to believe that its activities do not infringe any valid claim of the '545 patent.  As such, Belkin's future acts of infringement will constitute continuing willful infringement of the '545 patent.

41.     Defendant Dell, directly and/or through its subsidiaries, affiliates, agents, and/or business partners, has in the past and continues to directly infringe the '545 patent pursuant to 35 U.S.C. § 271(a) by making, having made, using, selling, offering to sell and/or importing devices incorporating microprocessors that embody the invention claimed in the '545 patent, within the United States and within this District.  Dell has been and is engaged in one or more of these direct infringing activities related to its manufacture, distribution, support, and sales of devices that incorporate Marvell Thumb Processors.  These infringing devices include without limitation Dell's Wyse T Class and Xenith 3 Zero Client thin client devices.

42.     The service of this Complaint will provide Dell with actual notice of the '545 patent and of Plaintiff's infringement allegations herein.

43.     Dell's direct infringement of the '545 patent has injured SOTA.  SOTA is entitled to recover damages adequate to compensate for such infringement pursuant to 35 U.S.C. § 284.

44.     Unless it ceases its infringing activities, Defendant Dell will continue to injure SOTA by directly infringing the '545 patent.

45.     On information and belief, Defendant Dell will continue its infringement notwithstanding its actual knowledge of the '545 patent and while lacking an objectively reasonable good faith basis to believe that its activities do not infringe any valid claim of the '545 patent.  As such, Dell's future acts of infringement will constitute continuing willful infringement of the '545 patent.

46.     Defendant HP, directly and/or through its subsidiaries, affiliates, agents, and/or business partners, has in the past and continues to directly infringe the '545 patent pursuant to 35 U.S.C. § 271(a) by making, having made, using, selling, offering to sell and/or importing devices incorporating microprocessors that embody the invention claimed in the '545 patent, within the United States and within this District.  HP has been and is engaged in one or more of these direct infringing activities related to its manufacture, distribution, support, and sales of devices that incorporate Marvell Thumb Processors.   These infringing devices include without limitation HP's Slate7 HD 3D, Slate10 HD, and Slate10 HD 3G tablets.

47.     The service of this Complaint will provide HP with actual notice of the '545 patent and of Plaintiff's infringement allegations herein.

48.     HP's direct infringement of the '545 patent has injured SOTA.   SOTA is entitled to recover damages adequate to compensate for such infringement pursuant to 35 U.S.C. § 284.

49.     Unless it ceases its infringing activities, Defendant HP will continue to injure SOTA by directly infringing the '545 patent.

50.     On information and belief, Defendant HP will continue its infringement notwithstanding its actual knowledge of the '545 patent and while lacking an objectively reasonable good faith basis to believe that its activities do not infringe any valid claim of the '545 patent.   As such, HP's future acts of infringement will constitute continuing willful infringement of the '545 patent.

51.     Defendant Hisense, directly and/or through its subsidiaries, affiliates, agents, and/or business partners, has in the past and continues to directly infringe the '545 patent pursuant to 35 U.S.C. § 271(a) by making, having made, using, selling, offering to sell and/or importing devices incorporating microprocessors that embody the invention claimed in the '545 patent, within the United States and within this District.  Hisense has been and is engaged in one or more of these direct infringing activities related to its

manufacture, distribution, support, and sales of devices that incorporate Marvell Thumb Processors.  These infringing devices include without limitation Hisense's H6 Smart TV.

52.     The service of this Complaint will provide Hisense with actual notice of the '545 patent and of Plaintiff's infringement allegations herein.

53.     Hisense's direct infringement of the '545 patent has injured SOTA.  SOTA is entitled to recover damages adequate to compensate for such infringement pursuant to 35 U.S.C. § 284.

54.     Unless it ceases its infringing activities, Defendant Hisense will continue to injure SOTA by directly infringing the '545 patent.

55.     On information and belief, Defendant Hisense will continue its infringement notwithstanding its actual knowledge of the '545 patent and while lacking an objectively reasonable good faith basis to believe that its activities do not infringe any valid claim of the '545 patent.  As such, Hisense's future acts of infringement will constitute continuing willful infringement of the '545 patent.

56.     Defendant Konica Minolta, directly and/or through its subsidiaries, affiliates, agents, and/or business partners, has in the past and continues to directly infringe the '545 patent pursuant to 35 U.S.C. § 271(a) by making, having made, using, selling, offering to sell and/or importing devices incorporating microprocessors that embody the invention claimed in the '545 patent, within the United States and within this District.  Konica Minolta has been and is engaged in one or more of these direct infringing activities related to its manufacture, distribution, support, and sales of devices that incorporate Marvell Thumb Processors.  These infringing devices include without limitation Konica Minolta's bizhub printer model numbers 3320, 4020, 4050 and 4750.

57.     The service of this Complaint will provide Konica Minolta with actual notice of the '545 patent and of Plaintiff's infringement allegations herein.

58.     Konica Minolta's direct infringement of the '545 patent has injured SOTA. SOTA is entitled to recover damages adequate to compensate for such infringement pursuant to 35 U.S.C. § 284.

59.     Unless it ceases its infringing activities, Defendant Konica Minolta will continue to injure SOTA by directly infringing the '545 patent.

60.     On information and belief, Defendant Konica Minolta will continue its infringement notwithstanding its actual knowledge of the '545 patent and while lacking an objectively reasonable good faith basis to believe that its activities do not infringe any valid claim of the '545 patent.  As such, Konica Minolta's future acts of infringement will constitute continuing willful infringement of the '545 patent.

61.     Defendant Lenovo, directly and/or through its subsidiaries, affiliates, agents, and/or business partners, has in the past and continues to directly infringe the '545 patent pursuant to 35 U.S.C. § 271(a) by making, having made, using, selling, offering to sell and/or importing devices incorporating microprocessors that embody the invention claimed in the '545 patent, within the United States and within this District.  Lenovo has been and is engaged in one or more of these direct infringing activities related to its manufacture, distribution, support, and sales of devices that incorporate Marvell Thumb Processors.  These infringing devices include without limitation Lenovo's Iomega ix4-300d network storage devices.

62.     The service of this Complaint will provide Lenovo with actual notice of the '545 patent and of Plaintiff's infringement allegations herein.

63.     Lenovo's direct infringement of the '545 patent has injured SOTA.  SOTA is entitled to recover damages adequate to compensate for such infringement pursuant to 35 U.S.C. § 284.

64.     Unless it ceases its infringing activities, Defendant Lenovo will continue to injure SOTA by directly infringing the '545 patent.

65.     On information and belief, Defendant Lenovo will continue its infringement notwithstanding its actual knowledge of the '545 patent and while lacking an objectively reasonable good faith basis to believe that its activities do not infringe any valid claim of the '545 patent.  As such, Lenovo's future acts of infringement will constitute continuing willful infringement of the '545 patent.

66.     Defendant Netgear, directly and/or through its subsidiaries, affiliates, agents, and/or business partners, has in the past and continues to directly infringe the '545 patent pursuant to 35 U.S.C. § 271(a) by making, having made, using, selling, offering to sell and/or importing devices incorporating microprocessors that embody the invention claimed in the '545 patent, within the United States and within this District.  Netgear has been and is engaged in one or more of these direct infringing activities related to its manufacture, distribution, support, and sales of devices that incorporate Marvell Thumb Processors.  These infringing devices include without limitation Netgear's ReadyNAS network attached storage devices model numbers RN10200, RN10211D, RN10222D, RN10223D, RN10400, RN10421D, RN10441D and RN10442D and ReadyNAS Business Rackmount Series network attached storage devices model numbers RN2120, RN21241D, RN21242D, RN21241E, RN21242E, RN21243E and RN21244E.

67.     The service of this Complaint will provide Netgear with actual notice of the '545 patent and of Plaintiff's infringement allegations herein.

68.     Netgear's direct infringement of the '545 patent has injured SOTA.  SOTA is entitled to recover damages adequate to compensate for such infringement pursuant to 35 U.S.C. § 284.

69.     Unless it ceases its infringing activities, Defendant Netgear will continue to injure SOTA by directly infringing the '545 patent.

70.     On information and belief, Defendant Netgear will continue its infringement notwithstanding its actual knowledge of the '545 patent and while lacking an objectively reasonable good faith basis to believe that its activities do not infringe any valid claim of

the '545 patent.  As such, Netgear's future acts of infringement will constitute continuing willful infringement of the '545 patent.

71.     Defendant Samsung, directly and/or through its subsidiaries, affiliates, agents, and/or business partners, has in the past and continues to directly infringe the '545 patent pursuant to 35 U.S.C. § 271(a) by making, having made, using, selling, offering to sell and/or importing devices incorporating microprocessors that embody the invention claimed in the '545 patent, within the United States and within this District.  Samsung has been and is engaged in one or more of these direct infringing activities related to its manufacture, distribution, support, and sales of devices that incorporate Marvell Thumb Processors.  These infringing devices include without limitation Samsung's Galaxy Tab 3 and Galaxy Tab 4 tablets.

72.     The service of this Complaint will provide Samsung with actual notice of the '545 patent and of Plaintiff's infringement allegations herein.

73.     Samsung's direct infringement of the '545 patent has injured SOTA.  SOTA is entitled to recover damages adequate to compensate for such infringement pursuant to 35 U.S.C. § 284.

74.     Unless it ceases its infringing activities, Defendant Samsung will continue to injure SOTA by directly infringing the '545 patent.

75.     On information and belief, Defendant Samsung will continue its infringement notwithstanding its actual knowledge of the '545 patent and while lacking an objectively reasonable good faith basis to believe that its activities do not infringe any valid claim of the '545 patent.  As such, Samsung's future acts of infringement will constitute continuing willful infringement of the '545 patent.

76.     Defendant Seagate, directly and/or through its subsidiaries, affiliates, agents, and/or business partners, has in the past and continues to directly infringe the '545 patent pursuant to 35 U.S.C. § 271(a) by making, having made, using, selling, offering to sell and/or importing devices incorporating microprocessors that embody the invention

claimed in the '545 patent, within the United States and within this District.  Seagate has been and is engaged in one or more of these direct infringing activities related to its manufacture, distribution, support, and sales of devices that incorporate Marvell Thumb Processors.  On information and belief, these infringing devices include without limitation Seagate's NAS 2-Bay and NAS 4-Bay network attached storage device model numbers STCT100, STCT2000100, STCT4000100, STCT8000100, STCT10000100, STCU100, STCU4000100, STCU8000100, STCU16000100 and STCU20000100.

77.     The service of this Complaint will provide Seagate with actual notice of the '545 patent and of Plaintiff's infringement allegations herein.

78.     Seagate's direct infringement of the '545 patent has injured SOTA.  SOTA is entitled to recover damages adequate to compensate for such infringement pursuant to 35 U.S.C. § 284.

79.     Unless it ceases its infringing activities, Defendant Seagate will continue to injure SOTA by directly infringing the '545 patent.

80.     On information and belief, Defendant Seagate will continue its infringement notwithstanding its actual knowledge of the '545 patent and while lacking an objectively reasonable good faith basis to believe that its activities do not infringe any valid claim of the '545 patent.  As such, Seagate's future acts of infringement will constitute continuing willful infringement of the '545 patent.

81.     Defendant WD, directly and/or through its subsidiaries, affiliates, agents, and/or business partners, has in the past and continues to directly infringe the '545 patent pursuant to 35 U.S.C. § 271(a) by making, having made, using, selling, offering to sell and/or importing devices incorporating microprocessors that embody the invention claimed in the '545 patent, within the United States and within this District.  WD has been and is engaged in one or more of these direct infringing activities related to its manufacture, distribution, support, and sales of devices that incorporate Marvell Thumb Processors.  These infringing devices include without limitation WD's My Cloud EX2

network     attached     storage     device     model     numbers     WDBVKW0080JCH, WDBVKW0060JCH, WDBVKW0040JCH and WDBVKW0000NCH.

82.    The service of this Complaint will provide WD with actual notice of the '545 patent and of Plaintiff's infringement allegations herein.

83.    WD's direct infringement of the '545 patent has injured SOTA.  SOTA is entitled to recover damages adequate to compensate for such infringement pursuant to 35 U.S.C. § 284.

84.    Unless it ceases its infringing activities, Defendant WD will continue to injure SOTA by directly infringing the '545 patent.

85.    On information and belief, Defendant WD will continue its infringement notwithstanding its actual knowledge of the '545 patent and while lacking an objectively reasonable good faith basis to believe that its activities do not infringe any valid claim of the '545 patent.  As such, WD's future acts of infringement will constitute continuing willful infringement of the '545 patent.

86.    Defendant Marvell's infringing activities share an aggregate of operating facts and are part of the same transaction or series of transactions as the infringing activities of each other Defendant.  Specifically, each infringing device made, used, imported, offered for sale, and/or sold by each other Defendant incorporates a Marvell Thumb Processor made, used, imported, offered for sale, and/or sold by Marvell.  Joinder of the Defendants is proper, at least in light of the above facts.

### SECOND CAUSE OF ACTION – INFRINGEMENT OF '713 PATENT

87.    Plaintiff hereby repeats and re-alleges the allegations contained in paragraphs 1 to 86, as if fully set forth herein.

88.    On November 4, 2003, U.S. Patent No. 6,643,713 ("the '713 patent"), entitled "Apparatus Has A Microprocessor Including DSP And A CPU Integrated With Each Other As A Single Bus Master," a copy of which is attached hereto as Exhibit B, was duly and legally issued to the inventors, Tetsuya Nakagawa et al.  The '713 patent

issued from U.S. patent application Serial Number 10/028,425 filed December 28, 2001. The inventors assigned all right, title, and interest in the '713 patent to Hitachi, Ltd. (hereinafter "Hitachi").   Hitachi's right, title, and interest in the '713 patent was subsequently assigned to Renesas Technology Corp., which further assigned such right, title and interest to Renesas Electronics Corp. (hereinafter "Renesas").   Most recently, Renesas assigned all right, title, and interest in the '713 patent to Acacia Research Group, LLC ("ARG").   The assignment to ARG was made subject only to certain prior non-exclusive license agreements and a limited non-exclusive and non-transferable limited license to Renesas.   Neither the prior licensees nor Renesas possesses any right to sue for or collect past, present and future damages or to seek and obtain injunctive or any other relief for infringement of the '713 patent.

89.   Renesas further granted ARG the right to assign its license rights to a designated affiliate of ARG.   Prior to the commencement of this action, ARG assigned all right, title, and interest in the '713 patent to SOTA, its wholly owned designated affiliate, including all of ARG's rights, obligations, interests and liabilities under the assignment agreement with Renesas.   SOTA assumed all such rights, obligations, interests and liabilities of ARG under such assignment agreement.   SOTA thus possesses the right to sue for or collect past, present and future damages or to seek and obtain injunctive or any other relief for infringement of the '713 patent.

90.   Defendant Marvell, directly and/or through its subsidiaries, affiliates, agents, and/or business partners, has in the past and continues to directly infringe the '713 patent pursuant to 35 U.S.C. § 271(a) by making, having made, using, selling, offering to sell and/or importing microprocessors that embody the invention claimed in the '713 patent, within the United States and within this District.   Defendant Marvell has been and is engaged in one or more of these direct infringing activities related to microprocessors that incorporate the ARMv7 and ARMv8 instruction sets and implementing the NEON extension, specifically including ARM Cortex A7, Cortex A9, Cortex A12, Cortex A15,

Cortex A17, and Cortex A53 architectures, specifically including Marvell's 88DE3100, 88DE3108, 88DE3114, 88DE3214, 88F6720, ARMADA 628, PXA1088 , PXA1088 LTE, PXA1088 LTE Pro, PXA1088 Pro, PXA1920, PXA1928, PXA2128, PXA986 and PXA988 processors (hereinafter the "Marvell NEON Processors").

91.     Defendant Marvell, directly and/or through its subsidiaries, affiliates, agents, and/or business partners, has contributed to and/or will continue to contribute to the direct infringement of the '713 patent by the other Defendants pursuant to 35 U.S.C. § 271(c) at least by one or more of providing, importing, offering for sale and selling its Marvell NEON Processors as a material component of devices covered by the '713 patent and for use by the other Defendants in making, using, selling, offering for sale and/or importing devices covered by the '713 patent.  The Marvell NEON Processors are not a staple articles or commodities of commerce suitable for substantial non-infringing use.

92.     The service of this Complaint will provide Marvell with actual notice of the '713 patent and of Plaintiff's infringement allegations, including knowledge that its Marvell NEON Processors are especially made or especially adapted for use in infringing the '713 patent.

93.     Defendant Marvell's direct and contributory infringement of the '713 patent has injured SOTA.  SOTA is entitled to recover damages adequate to compensate for such infringement pursuant to 35 U.S.C. § 284.

94.     Unless it ceases its infringing activities, Marvell will continue to injure SOTA by directly infringing and by contributing to the infringement by others of the '713 patent.

95.     On information and belief, Marvell will continue infringing, notwithstanding its actual knowledge of the '713 patent and while lacking an objectively reasonable good faith basis to believe that its activities do not infringe any valid claim of the '713 patent. Defendant Marvell's future acts of infringement will constitute continuing willful infringement of the '713 patent.

96.     Defendant Dell, directly and/or through its subsidiaries, affiliates, agents, and/or business partners, has in the past and continues to directly infringe the '713 patent pursuant to 35 U.S.C. § 271(a) by making, having made, using, selling, offering to sell and/or importing devices incorporating microprocessors that embody the invention claimed in the '713 patent, within the United States and within this District.  Dell has been and is engaged in one or more of these direct infringing activities related to its manufacture, distribution, support, and sales of devices that incorporate Marvell NEON Processors.  These infringing devices include without limitation Dell's Wyse T Class and Xenith 3 Zero Client thin client devices.

97.     The service of this Complaint will provide Dell with actual notice of the '713 patent and of Plaintiff's infringement allegations herein.

98.     Dell's direct infringement of the '713 patent has injured SOTA.  SOTA is entitled to recover damages adequate to compensate for such infringement pursuant to 35 U.S.C. § 284.

99.     Unless it ceases its infringing activities, Defendant Dell will continue to injure SOTA by directly infringing the '713 patent.

100.    Upon information and belief, Defendant Dell will continue its infringement notwithstanding its actual knowledge of the '713 patent and while lacking an objectively reasonable good faith basis to believe that its activities do not infringe any valid claim of the '713 patent.  As such, Dell's future acts of infringement will constitute continuing willful infringement of the '713 patent.

101.    Defendant HP, directly and/or through its subsidiaries, affiliates, agents, and/or business partners, has in the past and continues to directly infringe the '713 patent pursuant to 35 U.S.C. § 271(a) by making, having made, using, selling, offering to sell and/or importing devices incorporating microprocessors that embody the invention claimed in the '713 patent, within the United States and within this District.  HP has been and is engaged in one or more of these direct infringing activities related to its

eror

manufacture, distribution, support, and sales of devices that incorporate Marvell NEON Processors.   These infringing devices include without limitation HP's Slate7 HD 3D, Slate10 HD, and Slate10 HD 3G tablets.

102.   The service of this Complaint will provide HP with actual notice of the '713 patent and of Plaintiff's infringement allegations herein.

103.   HP's direct infringement of the '713 patent has injured SOTA.   SOTA is entitled to recover damages adequate to compensate for such infringement pursuant to 35 U.S.C. § 284.

104.   Unless it ceases its infringing activities, Defendant HP will continue to injure SOTA by directly infringing the '713 patent.

105.   Upon information and belief, Defendant HP will continue its infringement notwithstanding its actual knowledge of the '713 patent and while lacking an objectively reasonable good faith basis to believe that its activities do not infringe any valid claim of the '713 patent.   As such, HP's future acts of infringement will constitute continuing willful infringement of the '713 patent.

106.   Defendant Hisense, directly and/or through its subsidiaries, affiliates, agents, and/or business partners, has in the past and continues to directly infringe the '713 patent pursuant to 35 U.S.C. § 271(a) by making, having made, using, selling, offering to sell and/or importing devices incorporating microprocessors that embody the invention claimed in the '713 patent, within the United States and within this District.   Hisense has been and is engaged in one or more of these direct infringing activities related to its manufacture, distribution, support, and sales of devices that incorporate Marvell NEON Processors.   These infringing devices include without limitation Hisense's H6 Smart TV.

107.   The service of this Complaint will provide Hisense with actual notice of the '713 patent and of Plaintiff's infringement allegations herein.

108.   Hisense's direct infringement of the '713 patent has injured SOTA.  SOTA is entitled to recover damages adequate to compensate for such infringement pursuant to 35 U.S.C. § 284.

109.   Unless it ceases its infringing activities, Defendant Hisense will continue to injure SOTA by directly infringing the '713 patent.

110.  Upon information and belief, Defendant Hisense will continue its infringement notwithstanding its actual knowledge of the '713 patent and while lacking an objectively reasonable good faith basis to believe that its activities do not infringe any valid claim of the '713 patent.   As such, Hisense's future acts of infringement will constitute continuing willful infringement of the '713 patent.

111.   Defendant Samsung, directly and/or through its subsidiaries, affiliates, agents, and/or business partners, has in the past and continues to directly infringe the '713 patent pursuant to 35 U.S.C. § 271(a) by making, having made, using, selling, offering to sell and/or importing devices incorporating microprocessors that embody the invention claimed in the '713 patent, within the United States and within this District.  Samsung has been and is engaged in one or more of these direct infringing activities related to its manufacture, distribution, support, and sales of devices that incorporate Marvell NEON Processors.  These infringing devices include without limitation Samsung's Galaxy Tab 3 and Galaxy Tab 4 tablets.

112.   The service of this Complaint will provide Samsung with actual notice of the '713 patent and of Plaintiff's infringement allegations herein.

113.   Samsung's direct infringement of the '713 patent has injured SOTA.  SOTA is entitled to recover damages adequate to compensate for such infringement pursuant to 35 U.S.C. § 284.

114.   Unless it ceases its infringing activities, Defendant Samsung will continue to injure SOTA by directly infringing the '713 patent.

115.   Upon information and belief, Defendant Samsung will continue its infringement notwithstanding its actual knowledge of the '713 patent and while lacking an objectively reasonable good faith basis to believe that its activities do not infringe any valid claim of the '713 patent.   As such, Samsung's future acts of infringement will constitute continuing willful infringement of the '713 patent.

116.   Defendant Marvell's infringing activities share an aggregate of operating facts and are part of the same transaction or series of transactions as the infringing activities of each other Defendant.   Specifically, each infringing device made, used, imported, offered for sale, and/or sold by each other Defendant incorporates a Marvell NEON Processor made, used, imported, offered for sale, and/or sold by Marvell.   Joinder of the Defendants is proper, at least in light of the above facts.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs prays for:

1.      Judgment that the '545 and '713 patents are each valid and enforceable;

2.      Judgment that the '545 patent is infringed by each Defendant;

3.      Judgment that the '713 patent is infringed by Defendants Marvell, Dell, HP, Hisense and Samsung;

4.      An award of damages arising out of each Defendant's acts of patent infringement, together with pre-judgment and post-judgment interest;

5.      Judgment that the future damages so adjudged be trebled in accordance with 35 U.S.C. § 284;

6.      An award of Plaintiff SOTA's attorneys' fees, costs and expenses incurred in this action in accordance with 35 U.S.C. § 285; and

7.      Such other and further relief as the Court may deem just and proper.

1

<u>**RESERVATION OF RIGHTS**</u>

2        SOTA's investigation is ongoing, and certain material information remains in the

3   sole possession of the Defendants or third parties, which will be obtained via discovery

4   herein.  SOTA expressly reserves the right to amend or supplement the causes of action

5   set forth herein in accordance with Rule 15 of the Federal Rules of Civil Procedure.

6

7                                        Respectfully submitted,

8

9   Date:  October 20, 2014              /s/ Jon A. Birmingham

10                                       Jon A. Birmingham (CA SBN 271034)
                                         FITCH, EVEN, TABIN & FLANNERY LLP
11                                       21700 Oxnard Street, Suite 1740
                                         Los Angeles, California 91367
12                                       Telephone:  (818) 715-7025
                                         Facsimile:  (818) 715-7033
13                                       Email: jbirmi@fitcheven.com

14                                       **ATTORNEY FOR PLAINTIFF**

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

### JURY DEMAND

2      SOTA demands trial by jury of all issues triable of right by a jury.

3

4                              Respectfully submitted,

5

6   Date:  October 20, 2014              /s/ Jon A. Birmingham

7                                     Jon A. Birmingham (CA SBN 271034)
                                      FITCH, EVEN, TABIN & FLANNERY LLP
8                                     21700 Oxnard Street, Suite 1740
                                      Los Angeles, California 91367
9                                     Telephone:  (818) 715-7025
                                      Facsimile:  (818) 715-7033
10                                    Email: jbirmi@fitcheven.com

11                                    **ATTORNEY FOR PLAINTIFF**

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28